All right, our fourth case for today is Betty Holcomb v. Freedman Anselmo Lindberg, LLC. Mr. Schultz. Please report, counselors. My name is David Schultz. I represent the Appalachian Freedman Anselmo Lindberg, also referred to as FAL most frequently. The case before the court deals with a 1692cA2 violation for sending a notice as required by the Illinois Supreme Court rules. The facts in this case are not really in dispute at all. The law firm filed a collection case for PRA. The plaintiff came in a month later, filed a pro se appearance. A month later, the client received a letter from the debtor's legal clinic with a form letter of sorts with a dispute. And they responded to that. Twice in court appearances, a lawyer showed up, Mr. Finko. So I want to pause there because I think the crux of your argument is that under Illinois law, only the formal filing of an appearance counts for purposes of this statute. But Illinois in general seems to have a more flexible approach to attorney appearances. And at least on the facts of this case, it appears that your client was well aware that Ms. Holcomb was represented. And the orders issued by the state court showed that the state court knows that there was counsel for the defendant. There are at least two of them that show that. And so the facts of this case are a bad match for your theory. You seem to have been completely aware that she was represented. And the Illinois courts have a variety of cases in which they essentially waive the attorney appearances. And I guess I'll just throw in one last point. Had you, let's say at the first hearing, thought, I don't know what this guy is doing here, you know, is he really here or not? You could have raised Rule 13c1. You could have made a point about it and you didn't. We are not contesting that under the FDCPA, the plaintiff was represented by counsel. We're not saying that at all. We understand the plaintiff was represented by counsel. I understand, but I'm saying more broadly than that, she was represented for purposes of Illinois law such that you should not have been contacting her directly. The question, though, is whether or not, under 692C, when it says you can communicate if you have expressed permission of a court of competent jurisdiction. That's what the act says. Congress understood that there's going to be a lawsuit. I understand, and you're trying to say express permission means that the Illinois courts permit, let's say, service on the lawyer only if there's a formal appearance. And I'm saying that Illinois law, as I read it, isn't that rigid. That Illinois law, in fact, would regard her for the purpose of that rule as somebody for which there is representation. I don't agree that the Illinois rule is unclear and therefore not enforced in this manner. The Illinois Supreme Court rule is very clear that if a party is represented by an attorney of record, service shall be made on the attorney. Otherwise, it shall be made on the party. But the Illinois courts, I know what you did, but the Illinois courts, so for example, Tobias against King, despite the lack of a formal appearance, it's obvious that the court, as well as all interested parties, understood that this guy was, in that instance, the substituted attorney of record in accordance with the plaintiff's wishes. And there are other Illinois cases. So, you know, we're certainly not the people to tell Illinois how to run their court system, but they seem to accept people being attorneys of record through mechanisms other than the formal filing of an appearance. I always cite many cases, though, that talked about you had to be an attorney of record. There's a reason for the attorney of record rule. So the law is not nearly as ambiguous on this issue. Actually, the cases that your opponent relies on are all outside of the Rule 11 context. Absolutely. None of them are within that rule. They permit the court to recognize someone as an attorney of record without a formal written appearance, but in other contexts. For purposes of the service rule in Rule 11, you're not an attorney of record unless you've filed your written appearance. Absolutely. And I think the Jayco case is a good example of that. Right. And Jayco is a good example of that. But what you'd be saying, if you accepted that premise, is how would a collection lawyer respond? This is an issue that comes up. The reason this case is here, it's not just, oh, it's an individual case. There's a number of these going around. This represents a problem every single day that collection foreclosure lawyers face, every single day. They get questions. They get faxes from lawyers. They get phone calls from lawyers. They get letters. They get e-mails. My friend, my relative, my neighbor is in a lawsuit with you. I want to help them with a short sale. Is there someone we can work something out? It happens every day. Sometimes they go to court. Sometimes they appear in front of the judge. Sometimes they don't. They're out in the hall. They're working with them. My clients, the collection lawyers, are subject to the Affair to the Act. They know they have to deal with them, and they will deal with them. There's no benefit to sit there and say when Mr. Finko stood up in front of Judge McGuire, Judge, he doesn't have a filed appearance, first of all. But there would be a benefit of certainty. For what purpose? To the extent your complaint is lack of certainty, you could create it on the spot. But there's no reason. We're looking at, though, whether or not the motion they filed violated the law, the fair debt law. They were filing a months-later motion. It didn't matter, and they were fine sending the motion to Mr. Finko. They were fine having him in court, and the court probably benefited from that. Also, keep in mind, Judge McGuire probably had 100 cases that day. He was not sitting there looking to see whether or not every lawyer that steps in front of him has an appearance to file, nor was the lawyer appearing who probably had 20 or 30 cases in two or three different courtrooms. That's not what the administration of justice is meant to have them do and make an issue out of that. Mr. Finko, he's a lawyer. He knows the rule. He knows when he stands in front of that court, he should file an appearance. The Illinois Supreme Court rule is very clear about that. The circuit court rule is very clear about that. That $213 fee, it matters. It matters. Why they didn't file the fee, why they didn't comply with the rules, that's their issue. My client, though, is now being subject to a penalty for doing what? For wanting to make sure that due process was met. They were filing a motion for default, and the rule is very clear. Before you're going to enter a default, what's that Judge McGuire going to do? He's going to see who was served, and that's when you're going to check and see whether an appearance was on file. Appearance was not on file. So my client's got a procedure. They have to deal with the lawyers. They want to deal with the lawyers. And so you were going to have a trial before the answer? That's what it looked like. No answer was filed. They never filed an answer. Mr. Finkel could have filed an answer for months. He didn't. So if you look at the record, the deposition of Ms. Nilsen. But there was a trial date set, right? There was a trial date set, correct. And with no answer. With no answer, correct. And that's why on, if you look at the record, page 831 of the notes, it's the fourth to last page of the record. The notes show, and Ms. Nilsen testifies, and the record's clear. The clerk goes and looks, and they follow the procedure. They look and see, and it says, middle of the page, no answer filed. Pro se appearance filed. No attorney appearance filed. That's why, consistent with the practice, they then prepared the motion, the notice of motion, sent it to them. Sent it to the person who had appeared. Now the court can enter judgment if nobody shows up at that hearing. This happens a lot if you file a motion for summary judgment. Whether Mr. Finkel appeared or not, we don't know what's going to happen. But we've got to make sure that the judge, before they answer that judgment, can be comfortable that the Illinois Supreme Court rule, that the Circuit Court of Cook County rule, has been applied with. Right, and a strict bright-line rule in this context makes eminent good sense. If there's no formal written appearance, you've got to serve the party. Our bright-line rule is simple. 6092C-A-2, when it talks about express permission of court, is not violated when we send a notice required by the Illinois Supreme Court rule to the attorney of record, to the plaintiff when there's no attorney of record. That's a simple rule. If any other rule, you're going to have all those scenarios I'm talking about. Well, you know, a lot of gray area. A lot of gray area. This comes up daily, not just in Illinois, not just in Indiana, not just in Wisconsin, everywhere. There's not a court opinion on this yet. We're asking, the lawyers are asking, the reason we're here is to get that rule, which makes eminent sense. It's an easy rule. Well, and in fact, the courts have danced around the extent to which a state rule of procedure can furnish the express permission and haven't settled on that yet. There's sort of a suggestion that got floated in one case. The closest is the Thomas case, which ended up being vacated for other reasons, but that was a great statement. Follow that and we're fine. I see my rebuttal time is being interrupted. You are just about done with it, yes. All right. Mr. Brown. May it please the court, counsel. This is a case where a debt collector chose to communicate directly with the consumer, even though the debt collector knew that the consumer was represented by an attorney. But the question isn't quite that, because I think everybody understands that there was a representation, let's say, for purposes of the state's ethical rules and so on. But the question is, did the debt collector violate the statute by sending notice to both the client and to the lawyer when there was no formal appearance entered in the state court proceeding? I think it's a narrower question than whether there was representation writ large. Certainly, Your Honor. And they did violate the statute because there was no express permission to communicate directly with the represented consumer. The rule requires it, the state rule requires service on the party when no attorney is of record in the sense of having filed a formal written appearance. That's a prerequisite. Well, the rule says if a party is represented by an attorney of record. It doesn't say that the party is represented by an attorney who has filed a written appearance. Well, 13C, an attorney shall file a written appearance before addressing the court. Yes, Your Honor. And all of the cases require a formal written appearance under Rule 11. Otherwise, the party has to be served. The service rule, Rule 11. No, the cases do not require that. You are following to the letter exactly what the Illinois rules require. That's express permission of a court of record. Well, the cases don't say that a written appearance is required in order for an attorney to become an attorney of record. That's what the cases in the Rule 11 context say. The two cases that you've cited, Tobias and Buster, are not in the Rule 11 context, and so they're utterly irrelevant here. Well, let's talk about Straus and Jaco, which I think are the cases that the court's alluding to. So in Jaco, the court said, The procedural rule does not suggest that mailing a notice of lien to a former patient is the equivalent of filing an appearance or other pleading with the court. What the court was concerned about there was that the party who served notice onto the other party and not onto an attorney had no idea that there was an attorney of record. The clear language of the rule and the cases which apply it, such as Firkus, Westfall, Tobias, indicate that one becomes an attorney of record in a case by filing an appearance or other pleading with the court. That did not happen here. That is one way. That's a strict right-line rule, which, as I suggested earlier, makes eminent good sense in the context of service of documents subsequent to process. Well, I respectfully disagree. People in court need to know who to serve, and there has to be a right-line rule. Well, in this case, they definitely did know who to serve. No, not according to the right-line rule that's required by the Illinois rules of court, Rule 11 and Rule 13. Well, I respectfully disagree that there is a right-line rule because there are cases indicating that an attorney can become an attorney of record. For non-Rule 11 contexts, not for Rule 11. And in the Rule 11 context, the courts didn't say that that's the only way to become an attorney of record. They didn't file appearances in those cases, and in those cases, the other parties did not know who was representing whom. They didn't know who else to contact besides the party. So, of course, the party is the only person to notify when you don't know who else to contact. But here, Friedman and Mr. Finko, Ms. Holcomb's attorney, were in court setting the case for trial, and then two days later, they sent a motion for default directly to Ms. Holcomb. It was entirely unnecessary. They knew that Mr. Finko represented her with respect to that case. Well, they also sent it to Mr. Finko. They sent it to both of them, right? They sent a courtesy copy to Mr. Finko? Sure. Yes, they did send a courtesy copy to Mr. Finko, which indicates that they knew who he was and knew what his role was in the case. But they took the extra and unnecessary step of also sending it directly to the consumer, which is what violated the FDCP. If they wanted a default judgment, they had to do it that way. Because otherwise, service would not have been accomplished under Rule 11. Rule 11 requires service on the party when there's no attorney of record. You don't have an attorney of record for Rule 11 purposes if the attorney who has been shown up hasn't filed a written appearance. That's the fact pattern in this case. This judgment was in error. Well, I respectfully disagree that filing a written appearance, even for Rule 11 purposes, is the only way to become an attorney of record. That's what the cases say. I respectfully disagree that they say that. I think that they say if you want to become a record, you can file an appearance. Not you can, but the clear language of the rule requires it. Well, again, the concern in those cases was who are we going to serve? We don't know whether this person is represented or who else to contact. But setting that aside, party in Rule 11 refers to both individual natural person parties and artificial persons, such as corporations or LLCs. So to comply with the rule in the context of an artificial person, they can serve notice upon the party's agents or representatives. That's how you get notice to an artificial person. But the rule doesn't make sense if you conflate agent to mean the lawyer. At that point, you just have surplusage in certain parts of the rules. I did not find that effort to create an agency relationship with a lawyer and then just say, well, you can always serve even some random lawyer as long as you can prove agency under the restatement of agency or whatever. Well, in this court's decision in Every v. RJM Acquisitions, the court said, and I quote, the lawyer receives the notice and shares it with or explains it to his client. Hence, the debt collector is communicating with the consumer. In the FDCPA context, it's clear that if a debt collector communicates with the consumer's attorney, it's the same as communicating with the consumer themselves. So any notice concerns are resolved by this court's decision saying that communicating with the consumer's attorney is enough. On top of that, the exception- But your opponent is looking for a safe harbor in saying Illinois law not only permits but requires service on the client, so to speak, on the individual person unless there's a formal appearance of record. Now, some of the language and some of the opinions will say filing an appearance of record or other pleading, and you might wonder if another pleading is enough to serve the purposes of an appearance of record, in which case, I mean, Mr. Finko did appear a couple of times. I don't know if he ever filed a pleading on her behalf, though. There was no pleading filed. There were two orders entered where Mr. Finko was identified. He was just sitting in the courtroom, basically, so they check off in the paper. The orders were also filled out by Friedman themselves, so Friedman knew who he was and knew about the role in the case, and the bottom line here is what did the other parties know? Did they know that the other person was represented by counsel? That's not the bottom line. The bottom line is what do the rules require, and Mr. Finko filed neither a written appearance nor another pleading. I understand now. So he did not comply with the rules, so they had no other choice but to serve her directly. Well, they certainly had other choices. They could have contacted Mr. Finko. They could have raised the issue of a lack of appearance the two days before they sent that motion when they were setting the case for trial. But why should that be their burden? They had no other service option other than to serve her directly. Well, it should be their burden because they're a debt collector, and they're prohibited from communicating directly with represented consumers. Unless the Court of Competent Jurisdiction expressly permits it, and, in fact, this Court of Competent Jurisdiction, the Illinois Supreme Court, requires it to be done this way. Well, I would respectfully disagree that Rule 11 is express permission. Express means directly stated, and there is no directly stated permission to communicate directly with a represented consumer simply in the phrase, otherwise service shall be made upon the party. At best, it's implied permission. And implied permission is not enough to take advantage of the narrow exception provided under Section 1692C. But that does set up a very unsettling conflict between the state court's general rules of procedure and the federal statute. Well, I think that no conflict is necessary because, again, we already had an attorney of record. Even if there was no formal appearance, I do believe that he was the attorney of record because of the course of conduct in the case. Not for Rule 11 purposes. Well, and I don't know that there's a distinction between attorney of record for Rule 11 purposes and attorney of record, for example, for contempt purposes in the case of People v. Buster. There, I mean, contempt is a pretty serious thing. They're determining whether or not the attorney was attorney of record and was required to appear at the trial. And he was showing up to court. He was communicating with opposing counsel, and he set the case for trial, but then didn't show up. And they held him in contempt, saying, you were the attorney of record. You were supposed to be here. He says, no, I'm not. I didn't file a written appearance, so I'm not the attorney of record. And the court says, no, your course of conduct made it plain that you were indeed the attorney of record in the case. And the facts are strikingly similar to this case. Mr. Finko showed up to all the hearings. He's there setting the case for trial. Friedman's own notes indicate that they knew he was her attorney. And the judge entered orders indicating that he was her attorney. So even without a formal written appearance, the course of conduct made it clear that he was the attorney of record for that case. I see I only have about 14 seconds left, so unless the court has any other questions, I'll conclude my remarks. Thank you. Anything further, Mr. Schultz? Just briefly, the Avary case dealt with a letter, communication through letters to lawyers. It had nothing to do with court proceedings or any other matter. And also, I think if the record would show that the matter had been set for trial on the 27th, it wasn't like they were sitting there setting for trial and they were just going to try to trick them with the default. Nothing further. All right. Thank you very much. Thanks to both counsel. We'll take the case under advisement. Our fifth case.